## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ONEBEACON MIDWEST INSURANCE :
COMPANY, a/s/o HEMINGWAY :
CUSTOM CABINETRY, :        NO. 3:04CV261 (MRK)
:
            Plaintiff, :
:
v. :
:
JOHN GULLANZ, d/b/a Onsite Services, :
:
            Defendant. :

## RULING AND ORDER

Currently pending before the Court are two motions to dismiss filed by third-party defendants Brennan & Vlakhis, Inc., ("BVI") and Joseph Distel & Co. ("Distel"). *See* BVI's Motion to Dismiss Third Party Action for Lack of Subject Matter Jurisdiction [doc. #33]; Distel's Motion to Dismiss [doc. #35]. Both BVI and Distel move to dismiss third-party Plaintiff John Gullans's[1] third-party complaint on the grounds that they have been improperly joined under Rule 14 of the *Federal Rules of Civil Procedure* and that the Court lacks subject matter jurisdiction over Mr. Gullans's state law claims. Distel also moves to dismiss Count II of the third-party complaint on the ground that Mr. Gullans has failed to plead the necessary elements for a claim of breach of fiduciary duty. Having considered the parties' submissions, the Court concludes that it lacks subject matter jurisdiction over Mr. Gullans' third-party complaint and therefore GRANTS both BVI and Distel's motions [**docs. #33 & 35**].

When deciding a motion to dismiss, a court takes the facts as alleged in the complaint to be true, and must draw all reasonable inferences from those facts in favor of the plaintiff. *See*

---

[1] This case was docketed under a slightly different spelling of Mr. Gullans's name.

*Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989).  "Dismissal is proper if, accepting all the allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor, the complaint fails to allege any set of facts that would entitle plaintiff to relief."  *In re Sharp Intern. Corp.*, 403 F.3d 43, 49 (2d Cir. 2005) (citations omitted).

The parties agree that the only possible basis for federal jurisdiction over Mr. Gullans's third-party complaint is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  Under § 1367(a), federal courts have supplemental jurisdiction to hear state law claims that are so related to federal question claims brought in the same action as to "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A state law claim forms part of the same controversy if it and the federal claim derive from a "common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), *cited indirectly in Briarpatch Ltd. v. Phoenix Pictures, Inc.*,  373 F.3d 296, 308 (2d Cir. 2004). The burden of establishing jurisdiction falls on the party asserting it.  *See Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 298 (2d Cir. 2002).

The federal claims in this lawsuit, brought by the Plaintiff, OneBeacon Midwest Insurance Company ("OneBeacon") suing as the subrogee of Hemingway Custom Cabinetry ("Hemingway"), sound in negligence.  *See* Am. Compl. [doc. #6] at 2-4.  OneBeacon claims that Mr. Gullans negligently installed a roof for Hemingway causing substantial property damage. *See id.* at ¶¶ 6-9.  In his third-party action, Mr. Gullans in turn sues BVI, the insurance agent he hired to obtain liability insurance for him, and Distel, a subagent that BVI engaged to procure the insurance.  *See* Third-Party Compl. [doc. # 17] at ¶¶ 6-7.  Mr. Gullans claims that despite his request, BVI and Distel failed to procure insurance that covered damage caused by "membrane

2

roofing," the type of roofing he installed for Hemingway.  *See* id. at ¶¶ 11,13.  The third-party complaint sets forth claims of beach of contract (Count I), breach of fiduciary duty (Count II), negligent misrepresentation (Count III), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b (Count IV) against BVI and Distel.  *See id.* at 4-8.

The Court concludes that Mr. Gullans's third-party claims are not part of the same case or controversy as the first-party claims in the underlying action because these claims do not arise from a common nucleus of operative facts.  Indeed, the only fact common to both the first-party claims and third-party claims is the damage allegedly caused by Mr. Gullans's roof installation. Apart from the fact of the damage, there is simply no overlap between the other facts relevant to the first-party claims – the circumstances surrounding Mr. Gullans's his installation of Hemingway's roof – and the facts relevant the third-party claims – the circumstances surrounding Mr. Gullans's agreement with BVI and Distel.  These claims involve different conduct by different people during different periods of time.  *See Eisic Trading Corp. v. M/V Nedlloyd Marseilles*, No. 95 Civ. 9342 (LLS), 1996 WL 257649, at *1 (S.D.N.Y. May 15, 1996) (plaintiff's claim against shipper who failed to deliver numerous cartons that the plaintiff had shipped was not part of the same case or controversy as plaintiff's claim against company that failed to procure marine insurance for its shipments).  Mr. Gullans apparently recognizes these differences as he states in his Memorandum in Opposition to Third-Party Defendants' Motion to Dismiss, that "there are different facts at play" in his claims against BVI and Distel.  Third-Party Mem. in Opp'n to Def.'s Mot. to Dismiss [doc. #38] at 5.

The Court also finds it worth mentioning that this case is distinguishable from other cases in which a defendant, having been sued for causing damage, impleads its insurer to enforce its

insurance liability policy.  *See, e.g, Twin City Fire Ins. Co. v. Pierce Leahy Co.*, No. 92-6370, 1993 WL 131333, at *1 (E.D. Pa. Apr. 23, 1993).  In such cases, it is often necessary to establish precisely how the damage occurred in order to determine whether the damage is covered by the defendant/third-party plaintiff's insurance policy, creating substantial overlap in the facts relevant to the first-party action and the third-party action against the insurer.  By contrast, in this case, there is no question that the insurance policy that BVI and Distel obtained for Mr. Gullans contained an exclusion for "damage as a result of any operations involving . . . membrane roofing" and that this exclusion leaves Mr. Gullans without liability coverage for any damages resulting from his membrane roofing work, regardless of the reason for the damage and the manner in which the damage occurs.  Third-Party Compl. [doc. #17] at ¶ 13.

For the reasons mentioned above, the Court concludes that Mr. Gullans' third-party claims against BVI and Distel are not part of the same case or controversy as OneBeacon's claims against Mr. Gullans, and that as a result, the Court lacks subject matter jurisdiction over the third-party complaint.  Therefore, the Court GRANTS both BVI's Motion to Dismiss Third Party Action for Lack of Subject Matter Jurisdiction [**doc. #33**] and Distel's Motion to Dismiss [**doc. #35**].  Accordingly, Gullans's third-party claims against Distel and BVI are DISMISSED WITHOUT PREJUDICE to Gullans pursuing those claims in state court.

IT IS SO ORDERED.


/s/        Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut on: <u>August 10, 2005</u>.**